IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| BASIC ENERGY SERVICES, LP | ) | |
| | ) | Cause No.  CV-09-31-BLG-RFC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING |
| | ) | VAN HOOK'S MOTION |
| BARRY VAN HOOK, | ) | TO DISMISS |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.  INTRODUCTION

Plaintiff Basic Energy Services, L.P. brings this action against its former employee Douglas Pierce and his alleged coconspirators in a false invoicing embezzlement scheme.  The Amended Complaint alleges a scheme in which Pierce conspired with some of Basic's vendors, the other Defendants, to defraud Basic.  Pierce would submit false invoices Basic for goods and services allegedly provided by the other Defendants, and then they would provide Pierce with cash, services, or goods.  In exchange for their participation, Pierce would provide the other Defendants with cash and goods.

Barry Van Hook is the only Defendant remaining in this action.  Basic's

claims against Defendants Douglas Pierce, Claudia Pierce, and Richard Wolla,

were settled (doc. 38) when Douglas Pierce and Wolla were ordered to pay

restitution as a condition of their federal mail fraud convictions.  *See United States*

*v. Pierce, et al.,* CR-10-72-BLG-RFC.  The Amended Complaint alleges 6 causes

of action against Van Hook: Count Five, Conversion; Count Six, Civil

Conspiracy; Count Seven, Punitive Damages; Count Ten, Civil RICO under §

1962(c); Count Eleven, Civil RICO under § 1962(c); and Count Twelve, RICO

Conspiracy under § 1962(d).  Pending before the Court is Van Hook's Rule

12(b)(6) motion to dismiss all counts.  Since the Amended Complaint does not

contain sufficient facts to bring the allegations from possible to plausible, the

motion must be granted.

## II.   ANALYSIS

A claim is subject to dismissal under Rule 12(b)(6) Fed.R.Civ.P. if it lacks a

cognizable legal theory or sufficient facts alleged under a cognizable legal theory.

*Johnson v. Riverside Healthcare System, LP,* 534 F.3d 1116, 1122 (9th Cir. 2008).

With regard to the latter, a claim must "contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  A facially plausible claim "pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausible does not mean probable, but there must be more than a "sheer possibility" of unlawful action on the part of defendant. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotations omitted).

In considering a Rule 12(b)(6) motion, courts must accept as true a complaint's well-pleaded allegations of material fact and construe them in the light most favorable to the non-moving party. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). Courts are not, however, required to accept as true pleadings that are no more than legal conclusions unsupported by factual allegations. *Iqbal,* 556 U.S. at 679.

The civil conspiracy and RICO claims are subject to Rule 9(b) Fed.R.Civ.P.'s heightened pleading standard, *Ares Funding, L.L.C. v. MA Maricopa, L.L.C.,* 602 F.Supp.2d 1144, 1150 (D. Ariz. 2009) (civil conspiracy alleging fraud), *Odom v. Microsoft Corp.,* 486 F.3d 541, 553 (9th Cir 2007) (RICO claims alleging fraud), although the claim for conversion is not. *Burnett v.*

*Rowzee,* 2007 WL 2735682, * 11 (C.D. Cal. 2007).  Although Rule 9(b) does not

require the pleading of detailed evidence, Basic must allege the time, place, and

manner of each predicate act, the nature of the scheme involved, and the role of

each defendant in the scheme.  *Hill v. Opus Corp.,* 841 F.Supp.2d 1070, 1088-89

(C.D. Cal. 2011), *citing  Lancaster Community Hospital v. Antelope Valley*

*Hospital District*, 940 F.2d 397, 405 (9th Cir.1991).  "A pleading is sufficient

under Rule 9(b) if it identifies the circumstances constituting fraud so that a

defendant can prepare an adequate answer to the allegations. While statements of

the time, place and nature of the alleged fraudulent activities are sufficient, mere

conclusory allegations of fraud are insufficient."  *Moore v. Kayport Package Exp.,*

*Inc.*, 885 F.2d 531, 540 (9th Cir.1989).

The Amended Complaint is nothing but a collection of conclusory

allegations and threadbare recitals of the elements of the causes of action.  *See*

doc. 25.  It does not contain the time, place, or manner of any act taken by

Defendant Van Hook.  The only actual factual allegations relating to Van Hook is

that he lives in Richland County, Montana and owns and operates Exploration

Drilling, Inc.  Doc. 25, ¶ 3(d), 70.  Other than that, the Amended Complaint

merely parrots the elements of the causes of action.  For example, the conversion

claim alleges Van Hook, along with Strouf and Wolla, "intentionally converted

certain items of personal property …" ¶ 30.  Similarly, Count Six, alleging civil conspiracy, alleges Van Hook and the others "engaged in a concerted action to deceive Basic" and that Pierce took "numerous affirmative steps and overt acts to unlawfully harm Basic," ¶¶34-35, but does not allege any specific act–and certainly not the time, place, or manner of any such act.  There being no valid underlying, state-law cause of action for which punitive damages are an available remedy, Count Seven, alleging punitive damages, also fails.

As to the RICO causes of action, Count Ten merely alleges that "Van Hook routinely received and then disposed of property stolen from Basic through the false invoices scheme." ¶ 61.  There is no mention of any specific property, or dates, or even how he allegedly disposed of the property.  The next paragraph alleges Van Hook, again lumping him in with Strouf and Piece, participated on an individual basis in the racketeering activity described at paragraphs 42-45, but those paragraphs also do not allege any actions taken by Van Hook.

Counts Eleven and Twelve fail for the same reasons.  Count Eleven alleges that Van Hook, in his capacity as principal of Exploration Drilling, on "numerous occasions" received and crossed state lines with unspecified "property in excess of $5,000."  Count Twelve purports to allege a RICO conspiracy under § 1962(d) by relying on the allegations in Count Nine, in which Van Hook is not named, and the

threadbare allegations in Counts Ten and Eleven.  Greater detail is required to

plead plausible fraud claims.

## III.  CONCLUSION AND ORDER

Rule 9(b)'s requirement that fraud be pleaded with particularity would be

rendered meaningless if the allegations in the Amended Complaint were sufficient

to survive a motion to dismiss and initiate discovery.  This is especially true in the

post-*Twombly* world of plausibility pleading.  The only "facts" alleged relating to

Van Hook are that he resides in Richland County, Montana and that he owns and

operates Exploration Drilling in Sidney, Montana. Without some specifics as to

Van Hook's role in the conspiracy, this case may not proceed.

Accordingly, **IT IS HEREBY ORDERED** that Van Hook's Motion to

Dismiss (doc. 44) is **GRANTED**: the Amended Complaint (doc. 25) is

**DISMISSED WITHOUT PREJUDICE**.  If Basic wishes to proceed against

Defendant Van Hook, within 20 days of the entry of this Order it may file a

Second Amended Complaint containing more than conclusory allegations and

threadbare recitals of the elements of the causes of action.

Dated this 19th Day of November, 2012.

/s/ Richard F. Cebull_____
Richard F. Cebull
United States District Judge

6